# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

STEVEN A. MCLEOD,
D.O.C. #924820,

    Plaintiff,

vs.                                      Case No. 4:19cv324-RH/CAS

MARK S. INCH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a motion requesting leave to proceed in forma pauperis. ECF No. 9. Plaintiff's motion, ECF No. 9, has been reviewed along with his amended civil rights complaint, ECF No. 8, to determine whether Plaintiff's in forma pauperis motion should be granted.

Notably, Plaintiff stated within his amended complaint that he "has three (3) strikes pursuant to Title 28 U.S.C. § 1915(g) and is paying the filing fee." ECF No. 8 at 5. That is not entirely accurate because Plaintiff has not paid the filing fee. Instead, he has recently submitted an in forma

pauperis motion, ECF No. 9, after previously requesting that the filing fee be waived, ECF No. 6.

Plaintiff has three "strikes" as outlined by United States Magistrate Judge P.A. White in case number 0:16cv60942-WJZ, filed in the United States District Court for the Southern District of Florida. ECF No. 6 of that case. Accordingly, pursuant to § 1915(g), Plaintiff is entitled to bring a case with in forma pauperis status only if he alleges that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

Plaintiff's amended complaint includes a declaration that at the time of case initiation, he "was not being treated by the DOC for [his] Hepatitis C" Virus. ["HCV"]. ECF No. 8 at 6. He contends that delay in treatment put him in "imminent danger of serious physical injury . . . ." *Id.* Plaintiff's complaint acknowledges that he has received treatment for HCV, but he claims that his liver damage and associated "psychological problems"

---

[1] As an additional issue, Plaintiff has not listed all of his prior cases. ECF No. 8 at 5. Plaintiff acknowledges his three "strikes," but states that he is unsure of all his cases and does not "have the info." *Id.* It is Plaintiff's responsibility to keep an accurate list of his litigation history. Not only does such a list inform the Court of Plaintiff's familiarity with legal process, but it permits the Court to more readily determine if Plaintiff has already filed the same or similar case. In the future, Plaintiff must submit an accurate accounting of his litigation history. He is advised to obtain an accurate and complete list of all of his cases.

which were caused by concern over his HCV "indicate" that he still faces "imminent danger." *Id.*

Plaintiff's factual allegations reveal that by December 16, 2018, "Plaintiff finished the twelve week regiment of [illegible] to cure Hepatitis C." ECF No. 8 at 13. In March 2019, Plaintiff was informed that his HCV "had not been cured and" the likely reason was because of two other medications he was taking. *Id.* Plaintiff filed grievances concerning that issue and a notice of intent to file suit. *Id.* Plaintiff contends that he has "suffered damage to his liver in the past and will continue to do so in the future," as well has suffer mental and emotional harm. *Id.* Plaintiff asserts Eighth Amendment claims against all Defendants for deliberate indifference to his serious medical needs. ECF No. 8 at 13-14. He seeks nominal, compensatory, and punitive damages against the Defendants "and any and all other relief deemed just and proper." *Id.* at 14.

Review of Plaintiff's factual allegations sufficiently demonstrates that Plaintiff was diagnosed with HCV, a serious medical need. Hoffer v. Inch, 382 F. Supp. 3d 1288, 1296 (N.D. Fla. 2019) (finding it undisputed that "chronic HCV is a serious medical need"). Plaintiff's treatment for that condition was unnecessarily delayed for several years. Such delay, if done

without medical justification, violates the Eighth Amendment. Hoffer, 290 F. Supp. 3d at 1300 (concluding that the Florida Department of Corrections "has a long and sordid history of failing to treat HCV-infected inmates" and noting that the "failure to provide treatment" was due to lack of funding).

However, Plaintiff acknowledges that he has already received treatment. Plaintiff does not allege that any named Defendant is still not providing him necessary medical care. Plaintiff's claims are, rather, about his past injury and the fact that he was provided HCV treatment while still being provided medications that may have interfered with the effectiveness of the HCV treatment. Recounting past injuries does not establish that Plaintiff faces "imminent danger of physical injury" for purposes of § 1915(g). Barber v. Krepp, 680 F. App'x 819, 821 (11th Cir. 2017) (citing Chavis v. Chappius, 618 F.3d 162, 170-71 (2d Cir. 2010)). Moreover, in light of the injunction entered in Hoffer which requires continued medical care for HCV-infected inmates, Plaintiff is not requesting any injunctive relief in this case to prevent future, much less, imminent danger. Plaintiff's claims are based on the past injuries alleged and seek only monetary damages.

Accordingly, it is concluded that Plaintiff has not sufficiently alleged imminent danger. "Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (citation omitted). Although Plaintiff may have previously faced imminent danger while being denied HCV treatment, that treatment has now been provided. Without sufficient allegations which show that additional medical care is not, or will not be provided, Plaintiff's motion for in forma pauperis status should be denied.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's motion for in forma pauperis status, ECF No. 9, be **DENIED** because Plaintiff's complaint does not sufficiently allege imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g). Plaintiff should be provided thirty (30) days in which to submit the filing fee for this case if he desires to proceed,

and the case should thereafter be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2019.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**